UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRWISS PASOON,<br><br>   Plaintiff,<br><br>  v.<br><br>CAREERIST, INC., et al.,<br><br>   Defendants. | Case No. 25-cv-05217-HSG<br><br>**ORDER GRANTING REMAND AND ATTORNEYS' FEES AND TERMINATING MOTION TO DISMISS AS MOOT**<br><br>Re: Dkt. Nos. 15, 28 |

Pending before the Court is Plaintiff's motion to remand. Dkt. Nos. 15 ("Mot."), 21 ("Opp."), 22 ("Reply"). The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons discussed below, the Court **GRANTS** the motion to remand. Dkt. No. 15. Defendant Careerist's motion to dismiss is **TERMINATED AS MOOT**. Dkt. No. 28.

**I. BACKGROUND**

Plaintiff filed this lawsuit in state court in January 2024, alleging claims against Defendants Careerist, Inc. ("Careerist") and Midwest Fidelity Services, LLC ("Midwest") related to Careerist's educational programs and loans. *See* Dkt. No. 1-1 ¶¶ 2, 4, 16. Defendant Careerist removed the case to federal court on June 20, 2025, arguing that the Court has diversity jurisdiction and federal question jurisdiction. Dkt. No. 1 ("Notice of Removal") ¶¶ 9, 14, 19. Careerist admits it did not obtain Defendant Midwest's consent before removal. Opp. at 4.

**II. MOTION FOR REMAND**

  **a. Legal Standard**

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ."

28 U.S.C § 1446(b)(1).  "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).  "[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action. *Id.* § 1446(b)(2)(A).

### b. Discussion

Removal here was plainly untimely.  Defendant Careerist was served no later than March 7, 2024.  Dkt. No. 1-1 at 44.  If, as Careerist contends, this Court has federal question jurisdiction over the claims, it was required to remove this case within 30 days of service.  The same is true for diversity jurisdiction—Careerist states that it was aware the amount in controversy would exceed $75,000 in March 2025, after Plaintiff first sent Careerist a settlement proposal demanding more than that amount.  Notice of Removal ¶ 12.  Even if the amount in controversy was not ascertainable from the original complaint, the latest Careerist knew it could remove the case was March 2025.  Careerist would have only had 30 days from that moment to remove this case.  28 U.S.C. § 1446(b)(3).  Instead, it waited to remove the case in June, three months later.  Moreover, Careerist could not remove under diversity jurisdiction "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *Id.* § 1446(c)(1).  The Court finds no evidence—and Careerist does not argue—that Plaintiff acted in bad faith.

Careerist argues that the parties stipulated in December 2024 to allow Plaintiff to file an amended complaint, and the 30-day removal period should be calculated from May 23, 2025, when Plaintiff confirmed he would not file an amended complaint.  Opp. at 2–3.  Careerist cites only two cases, both of which stand for the proposition that an amended pleading may trigger the second 30-day window contemplated by 28 U.S.C. § 1446(b)(3), but only "[i]f no ground for removal is evident in [the first] pleading." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005); *Deberry v. Mercedes-Benz USA, LLC*, No. 5:25-CV-00779-DOC-SHK, 2025 WL 1513439, at *5 (C.D. Cal. May 28, 2025).  This is unsurprising, since 28 U.S.C. § 1446(b)(3) only applies "if the case stated by the initial pleading is not removable," and only grants 30 days from

2

when "it may first be ascertained that the case is [removable]." 28 U.S.C. § 1446(b)(3).  These cases do not help Careerist where it concedes that removability was evident no later than March 2025.  Careerist cites no authority supporting a delay of removal where an amended pleading might add another basis for removal or eliminate existing removability.[1]

### III.   ATTORNEYS' FEES

#### a. Legal Standard

Attorneys' fees and costs are only available under 28 U.S.C. § 1447(c) if the removing defendant "lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).  [R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted."  *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

#### b. Discussion

Here, Defendant Careerist's removal was objectively unreasonable.  "The Ninth Circuit has been clear on the 30-day deadline for decades . . . ."  *Ashman v. Bristol Hospice – Cal., L.L.C.*, No. 24-CV-02652-SRM-SHK, 2025 WL 2650359, at *5–*6 (C.D. Cal. Sept. 16, 2025) (citing Ninth Circuit precedent and granting attorneys' fees in a case involving a similarly frivolous and untimely attempt at removal); *see also Magnoliadrhomes LLC v. Kahn*, No. 21-CV-03682-PJH, 2021 WL 3286830, at *3 (N.D. Cal. Aug. 2, 2021) (granting attorneys' fees for untimely removal).  As discussed above, Careerist's original basis for removal described in the Notice of Removal is plainly foreclosed by the statutory language in 28 U.S.C. § 1446, and Careerist does not attempt to argue otherwise in its opposition.  Careerist's sole argument regarding the stipulation to amend is similarly foreclosed by § 1446(b)(3).  Careerist's cited cases do not support overriding that clear statutory language.  Plaintiff warned Careerist that its removal would be untimely and that he would seek fees.  *See* Dkt. No. 15-2 ("Abraham Decl.") ¶ 19.  Careerist nevertheless removed the case, even without consent from Defendant Midwest.

---

[1] Plaintiff also notes that Careerist did not argue this in its Notice of Removal.  Reply at 3.  The Court agrees that Careerist "may not present new grounds for removal for the first time in its opposition to remand."  *See Lindsey v. WC Logistics, Inc.*, 586 F. Supp. 3d 983, 992 n.4 (N.D. Cal. 2022).

Plaintiff seeks $4,840 for 8.8 hours billed at $550 per hour. Abraham Decl. ¶¶ 20–23 (7.8 hours for motion); Reply at 6 (1 hour for reply). The Ninth Circuit uses the "lodestar" method to determine reasonable attorney fees. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). The court calculates the lodestar "by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945 (9th Cir. 2007). Plaintiff's counsel represents that he has waived charges for time spent updating his client and for purely administrative work. Abraham Decl. ¶¶ 21–22. He also presents evidence that his rates are in line with lawyers of similar skill and experience and have been approved as recently as April 2025. *Id.* ¶¶ 40–46. Having reviewed the time entries provided by counsel, Dkt. No. 15-2, Ex. 5, the Court finds the requested fees and hours are reasonable. *Cf. Ashman*, 2025 WL 2650359, at *6 (granting $5,771.50 at a $595 hourly rate); *Haeck v. 3M Co.*, No. 23-CV-00045-EMC, 2023 WL 2330420, at *7 (N.D. Cal. Mar. 1, 2023) (granting $5,000 at a $500 hourly rate).

## IV.  CONCLUSION

The Court **GRANTS** Plaintiff's motion to remand, Dkt. No. 15, and **REMANDS** the case to the Superior Court of Alameda County. Defendant Careerist is **ORDERED** to pay Plaintiff's counsel $4,840 in attorneys' fees, to be paid within 30 days of the date of this order. Defendant Careerist's motion to dismiss, Dkt. No. 28, is **TERMINATED AS MOOT**. The Clerk is directed to remand the case and close the file.

**IT IS SO ORDERED.**

Dated: 10/24/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge